DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, City of Akron ("the City"), appeals the judgment of the Summit County Court of Common Pleas, which denied its motion for summary judgment upon finding that the City was not immune from liability in regard to injuries sustained by appellee, Larry Snider, as a result of a fall on a sidewalk.
This Court reverses.
 I. {¶ 2} On December 15, 2006, Snider tripped and fell on a portion of uneven sidewalk in Akron. On March 1, 2007, Snider filed a complaint against the City, alleging that the City was negligent for permitting a dangerous condition *Page 2 
and failing to warn of the condition, and for failing to properly maintain and/or repair the sidewalk. The City answered, denying liability and claiming immunity from liability pursuant to R.C. Chapter 2744.
 {¶ 3} The trial court held a pretrial on June 19, 2007, and ordered that dispositive motions be filed on or before October 3, 2007.
 {¶ 4} On August 31, 2007, Snider filed a motion for leave to file an amended complaint. The trial court granted leave on September 5, 2007. In his amended complaint, Snider added Mary Coyne Investments LLC and Key Corporation of America as defendants, alleging that they were liable for negligence as the owner or occupier of land abutting the sidewalk where Snider fell.
 {¶ 5} On October 2, 2007, the City filed a motion for summary judgment, arguing that it was immune from liability under R.C.2744.02(A), and, alternatively, that the City had no notice of the alleged defect in the sidewalk. Snider opposed the City's motion for summary judgment, arguing that the City was not immune from liability because of the exception to immunity in R.C. 2744.02(B). Specifically, Snider argued that a sidewalk is included in the definition of "public roads," and that the City was liable for the negligent failure to keep its public roads in repair, pursuant to R.C. 2744.02(B)(3). Snider further argued that the City's motion for summary judgment was premature in regard to the issue of notice. *Page 3 
 {¶ 6} On November 7, 2007, the trial court denied the City's motion for summary judgment, finding that a genuine question of fact exists regarding whether the sidewalk constituted a nuisance and whether the City had notice of that. The City timely appeals, raising four assignments of error for review. This Court consolidates some assignments of error for ease of review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN NOT GRANTING IMMUNITY TO THE CITY OF AKRON PURSUANT TO R.C. 2744.02(A)."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED WHEN IT DENIED THE CITY'S MOTION FOR SUMMARY JUDGMENT BECAUSE IT FOUND THAT THE CITY OF AKRON HAD A DUTY TO KEEP PUBLIC SIDEWALKS OPEN, IN REPAIR AND FREE OF NUISANCE."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT R.C. 2744.02 AND R.C. 723.01, WHEN READ TOGETHER, IMPOSED LIABILITY ON THE CITY OF AKRON."
 {¶ 7} As a preliminary matter, this Court notes that we have jurisdiction to consider the City's appeal pursuant to R.C. 2744.02(C), which provides in relevant part that "[a]n order that denies a political subdivision * * * the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." The Ohio Supreme Court held in Hubbell v. Xenia,115 Ohio St.3d 77, 2007-Ohio-4839, at syllabus, that: *Page 4 
 "When a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and is therefore a final, appealable order pursuant to R.C. 2744.02(C)."
Accordingly, this Court has jurisdiction to consider the City's appeal from the denial of its motion for summary judgment.
 {¶ 8} The City argues that the trial court erred by denying its motion for summary judgment upon a finding that it was not immune from liability pursuant to R.C. Chapter 2744. This Court agrees.
 {¶ 9} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12.
 {¶ 10} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 11} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v.Burt (1996), *Page 5 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel.Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 12} The version of R.C. 2744.02, in effect at the time relevant to this matter, provides that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision * * * in connection with a governmental or proprietary function." R.C. 2744.02(A)(1). The City is a political subdivision pursuant to R.C. 2744.01(F), and the maintenance and repair of sidewalks constitutes a governmental function pursuant to R.C. 2744.01(C)(2)(e).
 {¶ 13} R.C. 2744.02(B), however, sets out five exceptions to the general immunity provide in subsection (A). Snider argues that R.C.2744.02(B)(3) is applicable to this situation to exempt the City from the general immunity provision in R.C. 2744.02(A)(1). R.C. 2744.02(B)(3) provides that political subdivisions are liable for personal injury or property damage arising out of the political subdivision's failure to keep public roads in repair. Snider argues that public sidewalks are included in the definition of public roads. Snider relies on R.C. *Page 6 723.01 which gives the legislative authority of a municipal corporation the care and control of the "public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts" Snider argues that this provision necessarily brings sidewalks within the definition of public roads for purposes of R.C. 2744.02(B)(3). This Court finds Snider's argument unpersuasive.
 {¶ 14} On April 9, 2003, the Ohio legislature amended R.C.2744.02(B)(3) to remove reference to sidewalks. Accordingly, the failure to keep sidewalks in repair is no longer an exception to the blanket immunity set forth in R.C. 2744.02(A)(1). Furthermore, R.C. 2744.01(H) defines "public roads" as "public roads, highways, streets, avenues, alleys, and bridges within a political subdivision." That provision expressly excludes "berms, shoulders, rights-of-way, or traffic control devices unless the traffic control devices are mandated by the Ohio manual of uniform traffic control devices." The legislature has not included sidewalks within the definition of "public roads."
 {¶ 15} Snider argues that the legislature excluded berms, shoulders and rights-of-way from the definition of public roads because those areas are not designed for travel. He argues that sidewalks, however, are designed for travel and, therefore, included by legislative intent in the definition of public roads. Snider offers no support for this proposition other than his argument that the legislature would have expressly excluded sidewalks from the definition of public *Page 7 
roads if it intended that they not be included within the definition. We find that this argument lacks merit and reason.
 {¶ 16} This exact issue was recently addressed by the Eighth District Court of Appeals in Gordon v. Dziak, 8th Dist. No. 88882, 2008-Ohio-570.Gordon involved a woman who tripped and fell on a sidewalk. Gordon sued the City of Lakewood and the owner of the property abutting the sidewalk where she fell. The trial court granted the City of Lakewood's motion for summary judgment upon finding that the alleged sidewalk defect was insubstantial. On appeal, the Eighth District considered the City's argument below that it was immune from liability pursuant to R.C.2744.02 within the course of its de novo review. The Eighth District cited the definition of "public roads" in R.C. 2744.01(H) and held, "Hence, sidewalks are not considered public roads." Gordon at ¶ 36. TheGordon court further addressed a municipal corporation's responsibilities set out in R.C. 723.01, but noted that that provision "makes it clear that liability or immunity for these matters are still determined by R.C. 2744.02." Id. at ¶ 37, citing Burns v. UpperArlington, 10th Dist. No. 06AP-680, 2007-Ohio-797, at ¶ 9. R.C. 723.01
in fact provides that the "liability or immunity from liability of a municipal corporation for injury, death, or loss to person or property allegedly caused by a failure to perform the responsibilities imposed by this section shall be determined pursuant to divisions (A) and (B)(3) of section 2744.02 of the Revised Code." *Page 8 
 {¶ 17} This Court agrees with the reasoning of the Eighth District and holds that sidewalks do not constitute "public roads" for purposes of exempting a political subdivision of immunity pursuant to R.C.2744.02(B)(3). The City has met its initial burden underDresher, while Snider has failed to meet his reciprocal burden underTompkins to respond by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. The City has presented evidence to establish that it is immune from liability for Snider's injuries sustained during a fall on an alleged defective sidewalk. Snider has failed to present evidence to establish that any exemptions to the blanket immunity provided by R.C. 2744.02(A)(1) are applicable. Accordingly, the trial court erred by denying the City's motion for summary judgment. The City's first, second and third assignments of error are sustained.
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT ERRED WHEN IT FOUND A QUESTION OF FACT EXISTED AS TO THE CITY'S NOTICE OF THE ALLEGED DEFECT IN THE SIDEWALK."
 {¶ 18} The City argues that the trial court erred by denying its motion for summary judgment upon finding that a genuine issue of material fact exists regarding whether the City had notice of any alleged defect in the sidewalk. Because this Court's resolution of the City's first three assignments of error is dispositive of this appeal, we decline to address the City's fourth assignment of error as it has been rendered moot. See App.R. 12(A)(1)(c). *Page 9 
 III.
The City's first three assignments of error are sustained. We decline to address the fourth assignment of error as moot. The judgment of the Summit County Court of Common Pleas is reversed, and the cause remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 10 
Costs taxed to appellee.
 SLABY, J., MOORE, J., CONCUR *Page 1