[Cite as *Stanfield v. Reading Bd. of Edn.*, 2018-Ohio-405.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| NICHOLAS JAMES STANFIELD, | : | APPEAL NO. C-160895 |
| and | : | TRIAL NO. A-1500998 |
| SANDRA LYNN HALE, | : | |
| Plaintiffs-Appellants, | : | *O P I N I O N.* |
| vs. | : | |
| READING BOARD OF EDUCATION, | : | |
| Defendant-Appellee, | : | |
| and | : | |
| CITY OF READING, OHIO, | : | |
| Defendant. | : | |


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  February 2, 2018


*The Law Office of John D. Hill, LLC,* and *John D. Hill, Jr.,* for Plaintiffs-Appellants,

*Raymond H. Decker, Jr.,* for Defendant-Appellee.

**DETERS, Judge.**

{¶1}   Plaintiffs-appellants Nicholas Stanfield and Sandra Hale appeal the decision of the trial court granting summary judgment to defendant-appellee Reading Board of Education (the "Board") on appellants' personal-injury complaint, arising from injuries Stanfield sustained during track-and-field practice.  Because we determine that the trial court erred in granting political-subdivision immunity to the Board on the entirety of appellants' complaint, we reverse a portion of the trial court's judgment.

## I.     Factual Background and Procedural Posture

{¶2}   In 2014, Stanfield, then a senior at Reading High School, participated in the school's track-and-field program in the discus event.  Reading's track-and-field students practiced at Reading Veteran's Memorial Stadium (the "stadium facility").  The Board does not own the stadium facility—it is owned by the City of Reading.  The stadium facility contained a discus area, consisting of a discus "cage" and a concrete pad.  The cage area was marked by a series of poles.  At the start of the first practice of the track-and-field season, Reading's discus coach, with the aid of students, retrieved netting from a shed on the facility and secured the netting to the poles with ties.  The discus coach instructed the students to stay behind the netting while another student was throwing the discus.  According to Stanfield, the netting gaped near the poles and had several holes.  Several days later, on March 17, 2014, during discus practice, Stanfield suffered a severe head injury when a discus thrown by another student hit Stanfield in the head.

{¶3}   Stanfield and his mother, Hale, filed a complaint for money damages against the City of Reading, the Board, and several John Doe defendants.  The City of

Reading filed a motion for summary judgment, arguing in part that it was immune from liability under Ohio's recreational-user statute. The Board also filed a motion for summary judgment, arguing that it was immune from liability under Ohio's Political Subdivision Tort Liability Act. In relevant part, the Board argued that it was entitled to the general grant of immunity under R.C. 2744.02(A)(1), and that the only exception to immunity that could arguably apply would be R.C. 2744.02(B)(4), the physical-defect exception. However, the Board argued that because it did not own the stadium facility, Stanfield's injury did not occur on school grounds and the Board could not be held liable under this exception.

{¶4} The trial court granted the summary-judgment motions of the City of Reading and the Board. Stanfield and Hale appeal the trial court's decision with respect to the Board only.

## II. Political-Subdivision Immunity

{¶5} In a single assignment of error, appellants argue that the trial court erred in granting summary judgment to the Board. This court conducts a de novo review of a trial court's summary-judgment decision, applying the standards set forth in Civ.R. 56. *See Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Moreover, issues regarding political-subdivision immunity under R.C. Chapter 2744 present questions of law, "properly determined prior to trial and preferably on a motion for summary judgment." *Scott v. Kashmiry*, 2015-Ohio-3902, 42 N.E.3d 339, ¶ 14 (10th Dist.).

{¶6} As an initial matter, we note that a political subdivision, such as a public-school board, acts through its employees. *Elston v. Howland Local Schools*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845, ¶ 18, 26. In determining

3

whether a political subdivision is immune from a civil lawsuit for damages, a three-tiered analysis applies. *R.K. v. Little Miami Golf Ctr.*, 2013-Ohio-4939, 1 N.E.3d 833, ¶ 8 (1st Dist.). In the first tier, political subdivisions receive a general grant of immunity in a civil action for damages allegedly caused by any act or omission of a political subdivision or employee in connection with a governmental or proprietary function. *See* R.C. 2744.02(A)(1). The second tier provides certain exceptions to the general grant of immunity. *See* R.C. 2744.02(B). If one of the exceptions in R.C. 2744.02(B) applies, the third tier provides for reinstatement of immunity if the political subdivision can show that one of the defenses contained in R.C. 2744.03 applies. *Elston* at ¶ 12.

### III.   Physical-Defect Exception to Immunity

{¶7}   Appellants do not dispute that the Board is a political subdivision and that the operation of a public school's athletic program is a governmental function. *See* R.C. 2744.01(F) and (C)(2)(c). Therefore, appellants agree that the Board is entitled to the general grant of immunity under R.C. 2744.02(A)(1). Appellants also agree that R.C. 2744.02(B)(4), the physical-defect exception, is the only exception to the general grant of immunity which would apply in this case. Therefore, we begin our legal analysis with the physical-defect exception.

{¶8}   R.C. 2744.02(B)(4) provides in relevant part that "[p]olitical subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function * * *."

4

{¶9} In support of its motion for summary judgment, the Board argues that the physical-defect exception requires that an injury occur on the grounds of the Board's property. In support of this proposition, the Board cites two cases from the Tenth Appellate District, *Bush v. Beggrow*, 10th Dist. Franklin No. 03AP-1238, 2005-Ohio-2426, and *Slane v. Hilliard*, 2016-Ohio-306, 59 N.E.3d 545 (10th Dist.). In *Bush*, a middle-school student was walking home from school on the berm of a public road when he was hit by a car. The student sued the Columbus City School Board, among others. The student alleged that the school board had been negligent in failing to provide crossing guards, traffic assistance by police officers, or other safety measures for students walking home. The Tenth District analyzed the student's claims under former R.C. 2744.02(B)(4), which omitted the physical-defect requirement, and provided liability for political subdivisions for injury "caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function * * *." The Tenth District determined that even if the school board had been negligent, the student had not been injured "on school premises," and therefore former R.C. 2744.02(B)(4) did not apply. *Bush* at ¶ 40.

{¶10} The facts of *Slane* are similar to those in *Bush*. In *Slane*, a student was crossing a public street at a crosswalk on her way to school when she was injured. The school-zone "flashers" for the crosswalk were not working or not activated, and the pedestrian "walk/don't walk" signals were also not working. The student filed a complaint against the city of Hilliard and the Hilliard City School District. As to the school district, the student argued that the district had been negligent in failing to illuminate school-zone signs and in failing to maintain the "walk/don't walk" signal

for the before-school period. In affirming the trial court's decision in favor of the school district, the Tenth District determined that the student had sustained her injury "on a public roadway and not within the grounds of buildings the district uses in connection with the performance of its governmental function." *Slane* at ¶ 42.

{¶11} The Board argues that *Bush* and *Slane* held that a student's injury must take place on school grounds, and in this case, because the Board does not own the stadium facility, the city does, the physical-defect exception cannot apply to the Board. In *Bush* and *Slane*, the undisputed evidence showed that the injured students had been injured on public roadways—not on the "grounds of * * * buildings that are used in connection with the performance of a governmental function[,]" as required by the physical-defect exception. *See* R.C. 2744.02(B)(4). To the extent that *Bush* can be read to require that the injury occur on school-owned property, we disagree. Moreover, *Slane* actually relies on the plain language of R.C. 2744.02(B)(4), which does not require the political subdivision to own the property where the injury occurs. The statute does not speak to "ownership," but requires only that the injury or loss occur within or on the grounds of buildings "used in connection with the performance of a governmental function." *Id.* Therefore, the Board's argument is contrary to the plain language of the statute.

{¶12} In this case, the evidence in the record indicates that Stanfield was injured on the grounds of a building used in connection with the performance of a governmental function. The parties have agreed that the school's track-and-field program is a governmental function. Moreover, Stanfield testified that the stadium facility, where all football and track events were held for the high school, had contained a shed with a garage door where the discus netting had been kept.

6

Therefore, the record indicates a building on the grounds. *See R.K.*, 2013-Ohio-4939, 1 N.E.3d 833, at ¶ 24, quoting *Mathews v. Waverly*, 4th Dist. Pike No. 08CA787, 2010-Ohio-347, ¶ 32 ("In determining whether a building is used in connection with a governmental function, the building need not 'house the actual, physical operations, maintenance, etc., of a governmental body,' but instead the question is 'whether the building is logically, not literally, connected to the performance of a governmental function.' ").

{¶13} The Board warns that if it is held liable for the student's injury in this case, school districts will be subject to liability for defects wherever a school activity might take place, regardless of the school district's affiliation with the location. This is not so. R.C. 2744.02(B)(4) requires that the injury or loss occur (1) due to employee negligence, (2) within or on the grounds of a building used in connection with the performance of a governmental function, and (3) because of a physical defect within or on the grounds. *See R.K.*, 2013-Ohio-4939, 1 N.E.3d 833, at ¶ 15. Therefore, school districts will not be held liable for an injury due to defects wherever a school activity might take place.

{¶14} The Board also summarily argues that appellants have been unable to show that the netting constitutes a "physical defect." In *R.K.*, we defined physical defect as "a perceivable imperfection that diminishes the worth or utility of the object at issue." *R.K.*, 2013-Ohio-4939, 1 N.E.3d 833, at ¶ 16. According to Stanfield, the netting had holes and gaped near the poles. Appellants provided an affidavit from the discus coach at Moeller High School, in which the discus coach opined that the netting he observed at the stadium facility was "dilapidated" and "unsatisfactory." The Board does not point to any evidence that would support the notion that a

7

gaping and holed netting, which is supposed to stop a two-pound discuss from careening towards onlookers, is not defective. Therefore, we hold that the physical-defect exception to immunity applies in this case.

## IV. Defenses to Reinstate Immunity

{¶15} The Board contends that even if the physical-defect exception applies to impose liability upon the Board for its employees' negligence, immunity for the Board would be restored by R.C. 2744.03(A)(3) and (A)(5). R.C. 2744.03(A)(3) restores immunity for a political subdivision "if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee." R.C. 2744.03(A)(5) restores immunity for a political subdivision if the injury or loss "resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." The Board argues that the track-and-field coaches had discretion with respect to instruction and supervision of the students, as well as the equipment used for practice.

{¶16} R.C. 2744.03(A)(3) and (A)(5) defenses are meant to protect the exercise of discretion and judgment, and not those decisions requiring little discretion or independent judgment. *R.K.*, 2013-Ohio-4939, 1 N.E.3d 833, at ¶ 31, citing *Hall v. Bd. of Edn., Fort Frye Local School Dist.*, 111 Ohio App.3d 690, 676 N.E.2d 1241 (4th Dist.1996). A "routine maintenance decision requiring little judgment or discretion" does not fall within the purview of R.C. 2744.03(A)(3) and

8

(A)(5). *Perkins v. Norwood City Schools*, 85 Ohio St.3d 191, 193, 707 N.E.2d 868 (1999) ("decision of whom to employ to repair a leaking drinking fountain is not the type of decision involving the exercise of judgment or discretion contemplated in R.C. 2744.03(A)(5)"). By contrast, "teachers and coaches, as employees of a political subdivision, have 'wide discretion under R.C. 2744.03(A)(5) to determine what level of supervision is necessary to ensure the safety of the children in' their care." *Elston*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845, at ¶ 20, quoting *Marcum v. Talawanda City Schools*, 108 Ohio App.3d 412, 416, 670 N.E.2d 1067 (12th Dist.1996).

### A. Inadequate-Supervision Claims

{¶17} Two claims in appellants' complaint allege that the Board failed to adequately supervise the track-and-field events. These inadequate-supervision claims fall within R.C. 2744.03(A)(5) regarding the exercise of judgment or discretion in determining use of school personnel. *See Elston*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845, at ¶ 20. However, even if claims fall within the exercise of discretion or judgment under R.C. 2744.03(A)(5), political-subdivision immunity can be lost once again if the exercise of judgment or discretion "was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." *See* R.C. 2744.03(A)(5). Although appellants allege in their complaint that the Board acted recklessly with respect to supervising the students, nothing in the record indicates that the Board consciously disregarded or showed an indifference to an obvious risk of harm to the students, which amounted to unreasonable conduct under the circumstances. *See Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, paragraph four of the syllabus. Stanfield testified that

the discus coach had instructed the students regarding safety, and that the students had been told to stay behind the netting. Therefore, to the extent that appellants' claims assert that the Board failed to provide adequate supervision, the Board is immune under R.C. 2744.03(A)(5).

### B. Defective-Netting Claims

{¶18} The remainder of appellants' claims allege that Stanfield's injuries resulted from defective netting. In *R.K.*, we considered whether the maintenance of tree limbs on a county-owned golf course involved judgment or discretion under R.C. 2744.03(A)(3) and (A)(5). We determined that allegations that a park district failed to maintain a tree limb was not a discretionary decision, and therefore neither R.C. 2744.03(A)(3) nor (A)(5) applied. *R.K.*, 2013-Ohio-4939, 1 N.E.3d 833, at ¶ 35. Similarly, the decision by the Board's employees to use netting, instead of repairing or replacing the netting, does not result from the exercise of discretion and judgment. *See id.* at ¶ 32, citing *McVey v. City of Cincinnati*, 109 Ohio App.3d 159, 163, 671 N.E.2d 1288 (1st Dist.1995) (the operation of escalators at a stadium parking facility does not involve discretion and judgment); *Hall*, 111 Ohio App.3d at 700, 676 N.E.2d 1241 (the maintenance of an irrigation system on a high-school practice field does not involve the exercise of judgment or discretion); *Leasure v. Adena Local School Dist.*, 2012-Ohio-3071, 973 N.E.2d 810 (4th Dist.) (an employee's maintenance of bleachers in a school gymnasium does not involve an exercise of judgment). Therefore, we determine that neither R.C. 2744.03(A)(3) nor (A)(5) apply to appellants' claims alleging defective netting, and therefore immunity for the Board is not restored with respect to those claims.

## V.  R.C. 2744.03(A)(6) is Inapplicable

{¶19} Finally, the Board argues that appellants have not shown that an employee of the Board could be found liable under R.C. 2744.03(A)(6).  We interpret the Board's argument to mean that the Board is entitled to immunity because an employee would be entitled to immunity under R.C. 2744.03(A)(6).  R.C. 2744.03(A)(6) provides immunity to individual employees for negligent actions and omissions.  *See Massillon* at ¶ 18.  R.C. 2744.03(A)(6) applies to claims against an individual employee—not the political subdivision.  *See Fabrey v. McDonald Village Police Dept.*, 70 Ohio St.3d 351, 356, 639 N.E.2d 31 (1994) ("R.C. 2744.03(A)(6) by its very terms applies only to individual employees and not to political subdivisions.").  Thus, R.C. 2744.03(A)(6) has no bearing on the Board's summary-judgment motion or this appeal.

## VI.  Conclusion

{¶20} In conclusion, although the Board is entitled to the general grant of immunity as a political subdivision under R.C. 2744.02(A)(1), we determine that the physical-defect exception under R.C. 2744.02(B)(4) applies to abrogate the Board's immunity.  As to Counts 13 and 17 of appellants' complaint, which allege that the Board failed to provide adequate supervision of the students, we determine that immunity for the Board is reinstated under R.C. 2744.03(A)(5), and thus we hold that the trial court did not err in granting summary judgment to the Board as to Counts 13 and 17.  With respect to the remainder of appellants' claims against the Board, which arise from allegations of defective netting, we hold that the trial court erred in granting summary judgment to the Board.  Therefore, we sustain appellants'

11

assignment of error in part, and we reverse the judgment of the trial court with respect to all claims against the Board, except Counts 13 and 17.

Judgment affirmed in part, reversed in part, and cause remanded.

**MOCK, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.