[Cite as *Williams v. Cincinnati*, 2021-Ohio-3801.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| NORMA WILLIAMS, | : | APPEAL NO. C-210146 |
| | | TRIAL NO. A-1905182 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| | : | |
| CITY OF CINCINNATI, | | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  October 27, 2021

*McKinney & Namei, Co., L.P.A.*, and *Tobias L. Eisenlohr,* for Plaintiff-Appellee,

*Andrew W. Garth*, City Solicitor, *Katherine C. Baron,* Assistant City Solicitor, and *Shuva J. Paul*, Assistant City Solicitor, for Defendant-Appellant.

**BERGERON, Presiding Judge.**

{¶1}   This case arises from a trip and fall on the sidewalk in downtown Cincinnati. It turns on whether defendant-appellant city of Cincinnati ("the city") is immunized from tort liability for injuries caused by its negligent maintenance of the sidewalk. Consistent with the statute at hand and our precedent, we hold that the city is shielded from tort liability for its negligent maintenance of the sidewalk under basic principles of governmental immunity, and we accordingly reverse the trial court's judgment to the contrary.

## I.

{¶2}   Plaintiff-appellee Norma Williams claims that the city negligently removed a traffic signpost from a corner of downtown Cincinnati, leaving a jagged piece of the post protruding from the sidewalk. As she walked through downtown on a crisp fall day, she tumbled over this broken-off signpost, fracturing her shoulder, bruising her face, and suffering blood loss. After sustaining these injuries, she sued the city and alleged in her complaint that the incident occurred while "walking on the city sidewalk on Broadway Ave."

{¶3}   Eventually, the city moved for judgment on the pleadings, insisting that governmental immunity from injuries caused by negligent maintenance of sidewalks shielded it from any liability. The trial court issued an order denying the motion, without providing any analysis, and the city immediately appealed. We have appellate jurisdiction pursuant to R.C. 2744.02(C), which reads "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."

## II.

{¶4}   The city's sole assignment of error challenges the denial of its motion for judgment on the pleadings, arguing that R.C. Chapter 2744 provides immunity for

2

purportedly negligent maintenance of its sidewalks. "We review a trial court's decision on a motion for judgment on the pleadings under Civ.R. 12(C) de novo." *R.K. v. Little Miami Golf Ctr.*, 2013-Ohio-4939, 1 N.E.3d 833, ¶ 7 (1st Dist.). A motion for judgment on the pleadings "may be granted when, construing all material allegations in the complaint, with all reasonable inferences drawn therefrom in favor of the nonmoving party, no material factual issues exist and the moving party is entitled to judgment as a matter of law." *Id.* "Moreover, issues regarding political-subdivision immunity under R.C. Chapter 2744 present questions of law." *Stanfield v. Reading Bd. of Edn.*, 2018-Ohio-405, 106 N.E.3d 197, ¶ 5 (1st Dist.). Of course, "[w]e review questions of law de novo." *Cuyahoga Cty. Bd. of Commrs. v. State,* 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 23.

{¶5} We follow a familiar three-tiered analysis to determine whether political subdivisions are entitled to immunity under R.C. Chapter 2744. *Brown v. City of Cincinnati*, 2020-Ohio-5418, 162 N.E.3d 1274, ¶ 10 (1st Dist.), citing *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 10. "First, we assess whether the underlying conduct falls within the general grant of immunity in R.C. 2744.02(A)(1) for damages caused pursuant to a governmental or proprietary function." *Id.* Second, if the underlying conduct is covered under R.C. 2744.02(A)(1), "we then inquire whether any exception in R.C. 2744.02(B) applies." *Id.* And third, "if an exception applies, we assess whether any of the statutory defenses in R.C. 2744.03 nonetheless preclude liability." *Id.*

{¶6} Turning to the first-tier of the analysis, under R.C. 2744.02(A)(1) "a political subdivision is not liable in damages in a civil action for injury * * * allegedly caused by any act or omission of the political subdivision * * * in connection with a *governmental* or proprietary function." (Emphasis added.) The General Assembly defined "governmental

3

function" to include "the maintenance and repair of * * * sidewalks." R.C. 2744.01(C)(2)(e). Since the city's maintenance and repair of sidewalks constitutes a governmental function, R.C. 2744.02(A)(1) shields the city from claims for negligent maintenance of sidewalks. Indeed, this court has consistently held that the city enjoys immunity for negligent maintenance of sidewalks on facts very similar to the situation at hand. *See Evans v. City of Cincinnati*, 1st Dist. Hamilton No. C-120726, 2013-Ohio-2063, ¶ 13 (finding the city was immune for an injury caused by a broken signpost on the sidewalk); *Georgantonis v. City of Reading*, 2020-Ohio-3961, 156 N.E.3d 1037, ¶ 20 (1st Dist.) (finding that the city was entitled to immunity for its negligent maintenance of a service box that functioned as part of the sidewalk).

{¶7} We must now determine whether an exception to R.C. 2744.02(A)(1) applies here. Confronted with the statutory language and the case law referenced above concerning sidewalks, Ms. Williams places faith in R.C. 2744.02(B)(3), which reads "political subdivisions are liable for injury * * * caused by their negligent failure to keep public roads in repair." Although R.C. 2744.02(B)(3) once provided "political subdivisions are liable for injury * * * caused by their negligent failure to keep * * * public roads * * * [and] sidewalks * * * in repair" the General Assembly deleted "sidewalks" from this provision in 2003. *See Gordon v. Dziak*, 8th Dist. Cuyahoga No. 88882, 2008-Ohio-570, ¶ 38 ("[T]he General Assembly amended R.C. 2744.02(B)(3) by removing the word 'sidewalk' from the statute. Thus, * * * R.C. 2744.02(B)(3) does not impose liability on the city for the negligent maintenance of its public sidewalks and no other exceptions pursuant to R.C. 2744.02(B)(1)-(5) apply."). The Supreme Court explained that this amendment "limited the definition of 'public roads' from a more expansive reading that included 'berms, shoulders,

4

rights-of-way, or traffic control devices' to one that focused solely on the roadway itself." *Howard v. Miami Twp. Fire Div.*, 119 Ohio St.3d 1, 2008-Ohio-2792, 891 N.E.2d 311, ¶ 29.

{¶8} Ms. Williams maintains, nonetheless, that a sidewalk qualifies as a "public road" under R.C. 2744.02(B)(3). But the statutory definition of "public roads" forecloses Ms. Williams's theory: " 'Public roads' means public roads, highways, streets, avenues, alleys, and bridges within a political subdivision. 'Public roads' does not include berms, shoulders, rights-of-way, or traffic control devices unless the traffic control devices are mandated by the Ohio manual of uniform traffic control devices." R.C. 2744.01(H). Moreover, Ohio courts, including this court, have uniformly found that sidewalks fall outside the statutory definition of "public roads." *Mauntel v. City of Norwood*, 1st Dist. Hamilton No. C-170635, 2018-Ohio-4756, ¶ 20 ("[T]he curb upon which [plaintiff] sustained her injury is not part of the 'public roads' for purposes of * * * R.C. 2744.02(B)(3)."); *Wilson v. City of Cleveland*, 2012-Ohio-4289, 979 N.E.2d 356, ¶ 10-11 (8th Dist.) ("The sidewalk is an area of a public road beyond that of a berm or shoulder. It follows, that if berms and shoulders were not to be included in the statute, then the sidewalk was not either. * * * It is clear that the political subdivision immunity should not be eliminated under the R.C. 2744.02(B)(3) exception when the injury occurs on a sidewalk."); *Hess v. Austintown Twp.*, 7th Dist. Mahoning No. 08 MA 254, 2009-Ohio-4808, ¶ 26 ("[S]idewalks are not considered public roads."); *Snider v. City of Akron*, 9th Dist. Summit No. 23994, 2008-Ohio-2156, ¶ 17 ("[S]idewalks do not constitute 'public roads' for purposes of exempting a political subdivision of immunity pursuant to R.C. 2744.02(B)(3)."). R.C. 2744.03(B)(3) is, thus, inapplicable to injuries caused by the city's negligent maintenance of a sidewalk.

**{¶9}** Because no exception discharges the city's immunity for its negligent maintenance of the sidewalk, we need not reach the third-tier of the immunity analysis. As a matter of law, given the allegations in the complaint, the city is immune from tort liability for its negligent maintenance of the sidewalk, rendering judgment on the pleadings appropriate.

**{¶10}** Finally, we acknowledge, as we have several times before, *see Bernard v. City of Cincinnati*, 2019-Ohio-1517, 135 N.E.3d 485, ¶ 35 (1st Dist.), the practical implications of the immunity defense. It unfortunately leaves people like Ms. Williams—who often have suffered very serious injuries—without a meaningful remedy. That is the choice that the legislature has made, leaving victims like Ms. Williams with legislative recourse as their only option. As a court, we simply lack the authority to overturn these legislative prerogatives in the absence of any constitutional infirmity.

\*       \*       \*

**{¶11}** Accordingly, the city's sole assignment of error is sustained. We reverse the trial court's judgment and remand this cause with instructions for the trial court to enter judgment on the pleadings for the city.

Judgment reversed and cause remanded.

**CROUSE,** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion