**[Cite as *Scroggs v. Cincinnati*, 2022-Ohio-598.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CATHY SCROGGS, | : | APPEAL NO. C-210303 |
| | | TRIAL NO. A-2000047 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| CITY OF CINCINNATI, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Case Remanded

Date of Judgment Entry on Appeal: March 2, 2022

*Amanda M. Rieger*, for Plaintiff-Appellee,

*Andrew W. Garth*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, *Kevin M. Tidd,* Assistant Prosecuting Attorney, and *Tyler Lister*, Assistant Prosecuting Attorney, for Defendant-Appellant City of Cincinnati.

**Bock, Judge.**

**{¶1}** Defendant-appellant city of Cincinnati appeals the trial court's summary judgment in favor of plaintiff-appellee Cathy Scroggs.

## Facts and Procedure

**{¶2}** Scroggs sustained injuries when she walked in a tree lawn and fell in a hole created by a tree removal. Scroggs sued defendants-appellants Cincinnati Parks Department, City of Cincinnati-Department of Public Services, City of Cincinnati, and/or John Does ("the city"), alleging that the city was liable for its employees' negligent failure to fill or cover the hole left in the ground.

**{¶3}** The city moved to dismiss the lawsuit under Civ.R. 12(b)(6) based on political-subdivision immunity. The trial court allowed limited discovery and converted the city's motion into a summary-judgment motion. The parties stipulated that Scroggs fell in the "tree lawn (the grass between the sidewalk and the road)."

**{¶4}** Following oral argument, the trial court denied the city's summary-judgment motion. The city appeals.

## Law and Analysis

**{¶5}** This court reviews de novo a trial court's summary-judgment decision, applying the standards set forth in Civ.R. 56. *Stanfield v. Reading Bd. of Edn.*, 2018-Ohio-405, 106 N.E.3d 197, ¶ 5 (1st Dist.). Issues involving political-subdivision immunity under R.C. Chapter 2744 present questions of law which are "properly determined prior to trial and preferably on a motion for summary judgment." *Id.*, quoting *Scott v. Kashmiry*, 2015-Ohio-3902, 42 N.E.3d 339, ¶ 14 (10th Dist.).

**{¶6}** An order denying political-subdivision immunity is a final appealable order under R.C. 2744.02(C) and is immediately appealable. *Korengal v. Little*

*Miami Golf Ctr.*, 2019-Ohio-3681, 144 N.E.3d 1074, ¶ 17 (1st Dist.). Our review of the order is limited to alleged errors involving the trial court's determination that the city was not immune from liability. *Id.*

{¶7} The city argues that R.C. Chapter 2744 renders the city, as a political subdivision, immune from Scroggs's negligence claim.

### A. Political-Subdivision Immunity

{¶8} Courts conduct a three-tiered analysis to determine whether a political subdivision is immune from liability. Under R.C. 2744.02(A)(1)—the first tier—political subdivisions are generally granted immunity from civil actions "for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." The second tier, R.C. 2744.02(B), provides five exceptions to the general political-subdivision immunity from civil actions. The third tier reinstates immunity if any of the defenses in R.C. 2744.03 apply. Courts need not reach the third tier if none of the five second-tier exceptions exist. *Williams v. City of Cincinnati*, 1st Dist. Hamilton No. C-210146, 2021-Ohio-3801, ¶ 9.

{¶9} Because political subdivisions are generally immune from civil actions (tier one), the court must determine whether any of the five exceptions in R.C. 2744.02(B) apply (tier two). Subject to the tier-three exceptions, a political subdivision is liable for injury caused by its acts or omissions in connection with a governmental or proprietary function when caused by, as relevant here:

R.C. 2744.02(B)(2): Negligent performance of acts by employees engaged in the political subdivision's proprietary functions.

3

R.C. 2744.02(B)(3): Negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads.

### B. The Public-Roads Statute does not Apply

{¶10} Scroggs argues that the R.C. 2744.02(B)(3) public-roads exception to the city's general immunity applies. We disagree.

{¶11} Under R.C. 2744.01(H), "public roads" refers to public roads, highways, streets, avenues, alleys, and bridges; it does not include berms, shoulders, or rights-of-way. *Williams v. City of Cincinnati*, 1st Dist. Hamilton No. C-210146, 2021-Ohio-3801, ¶ 13. The public ground where Scroggs fell was a tree lawn adjacent to the public street. *See Estate of Durham v. City of Amherst*, 51 Ohio App.3d 106, 554 N.E.2d 945 (9th Dist.1988); *Vonderhaar v. City of Cincinnati*, 191 Ohio App.3d 229, 2010-Ohio-6289, 945 N.E.2d 603 (1st Dist.). Under R.C. 2744.01(H)'s clear and unambiguous language, a tree lawn is not a public road. The public-roads exception to immunity does not apply.

### C. Tree Maintenance and Removal is a Governmental Function

{¶12} To determine whether R.C. 2744.02(B)(2) provides an exception to the city's general immunity, we must determine whether tree removal or filling a hole left by an uprooted tree is a governmental or proprietary function.

{¶13} Relevant here, a governmental function is one "imposed upon the state as an obligation of sovereignty and performed by a political subdivision voluntarily or pursuant to legislative requirement," R.C. 2744.01(C)(1)(a), or involving "maintenance and repair of * * * public grounds." R.C. 2744(C)(2)(e).

{¶14} A "proprietary function" is either a function specified in R.C. 2744.01(G)(2), or one that: (1) is not described in R.C. 2744.01(C)(1)(a) or

4

2744.01(C)(1)(b) and is not specified in R.C. 2744.01(C)(2); and (2) promotes or preserves the public peace, health, safety, or welfare and involves activities that are customarily engaged in by nongovernmental persons. R.C. 2744.01(G)(2).

{¶15} Scroggs asserts that filling a hole left by tree removal is a proprietary function and that this is an issue of first impression for this court.

{¶16} We find that acts or omissions of a political subdivision's employee involving tree maintenance occurring on public grounds—both removing the tree and filling in the remaining hole—is maintenance and repair of public grounds. *See Seikel v. City of Akron*, 2010-Ohio-5983, 946 N.E.2d 250, ¶ 17, 19 (9th Dist.). Therefore, under R.C. 2744(C)(2)(e), tree maintenance on public grounds is a governmental function.

{¶17} Because there is no dispute that Scroggs's injury occurred on a public ground, the city's acts or omissions involving the uprooted tree and the remaining hole were a governmental function. Accordingly, the R.C. 2744.02(B)(2) exception to political-subdivision immunity does not apply. Because none of the five exceptions in R.C. 2744.02(B) apply, we need not reach the third tier. The city is entitled to immunity for its acts or omissions involving tree maintenance on a public ground.

{¶18} The city's sole assignment of error is sustained.

## Conclusion

{¶19} Tree maintenance is a governmental function for which the city is entitled to general immunity under R.C. 2744.02(A)(1). The trial court erred in denying the city's motion for summary judgment. We reverse the trial court's judgment and remand this matter to the trial court to enter an order of dismissal.

Judgment reversed and case remanded.

**MYERS, P.J.**, and **ZAYAS, J.**, concur.

Please note:

        The court has recorded its entry on the date of the release of this opinion